UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CASE NO.: 3:05cv457-R

INDIGO MOON PRODUCTIONS, LLC                                          PLAINTIFF

v.

HASBRO, INC., et. al.                                                 DEFENDANTS

## MEMORANDUM OPINION

This matter comes before the Court on Defendants' Supplemental Motion to Dismiss for Lack of Standing (Docket #24). The Plaintiff has responded (Docket #25), and the Defendants have replied (Docket #28). This matter is now ripe for adjudication. For the following the reasons, the Defendants' Motion to Dismiss is **DENIED**.

## PROCEDURAL BACKGROUND

On February 9, 2006, this Court issued a Memorandum Opinion in this matter, ordering that "Indigo Moon shall have sixty (60) days from the date of this opinion to petition the bankruptcy court to reopen its case. The Court will then proceed based upon the determination of the bankruptcy court." Additionally, the Court held that "the bankruptcy estate never abandoned the claim when it filed its Report of No Distribution on January 4, 2005." On March 2, 2006, John R. Wilson ("Wilson"), the Trustee in the Indigo Moon Productions, LLC ("Indigo Moon") bankruptcy case, received a copy of the Court's February 9, 2006 opinion from the Plaintiff. After reading the opinion, Wilson understood it to mean that the claim against the defendants ("Hasbro") was still property of the bankruptcy estate and had not been abandoned by the Trustee. As such, on March 24, 2006, Wilson filed a Motion to Reopen the Indigo Moon bankruptcy case, which was granted by the Bankruptcy Court on March 28, 2006.

On April 17, 2006, the Defendants filed this Motion to Dismiss for lack of standing

asserting that the Plaintiff had failed to follow the instructions of the Court to petition the bankruptcy court to reopen the case within sixty (60) days of the order. The Defendants also contend that the Plaintiff and trustee failed to give notice to the Defendants that the trustee had filed a motion to reopen the bankruptcy case, which the Defendants argue denied them the opportunity to oppose the request to reopen the case.

## STANDARD

"When considering a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the district court must accept all of the allegations in the complaint as true, and construe the complaint liberally in favor of the plaintiff." *Lawrence v. Chancery Court of Tenn.*, 188 F.3d 687, 691 (6th Cir. 1999) (citing *Miller v. Currie*, 50 F.3d 373, 377 (6th Cir. 1995)). Denial of the motion is proper "unless it can be established beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Achterhof v. Selvaggio*, 886 F.2d 826, 831 (6th Cir.1989) (citing *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). Nonetheless, unwarranted factual inferences or legal conclusions masquerading as fact will not prevent a motion to dismiss. *Blakely v. United States*, 276 F.3d 853, 863 (6th Cir. 2002). A "complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory." *Andrews v. Ohio*, 104 F.3d 803, 806 (6th Cir. 1997) (citing *In re DeLorean Motor Co.*, 991 F.2d 1236, 1240 (6th Cir. 1993)).

## DISCUSSION

The Defendants contend that this matter should be dismissed for lack of standing because the Plaintiff failed to follow the Court's order of February 9, 2006, and because the defendants

and trustee failed to give notice to the defendants regarding the reopening of Indigo Moon's bankruptcy case. Upon receiving and reading the Court's opinion, Wilson correctly understood the Court's holding that the estate had not yet abandoned Indigo Moon's trademark claim against Hasbro. Courts have held that bankruptcy trustees have the right within their own discretion to petition the bankruptcy court to reopen a bankruptcy case. *See In re Martin*, 2005 WL 3789128, *5, n6 (S.D.N.Y. 2005)(holding that "[n]othing in this decision should be construed to affect whatever right the trustee in the Plaintiff's bankruptcy case may have to reopen the case and seek to administer this asset."); *In re Western Asbestos Co.*, 313 B.R. 456, 471 (N.D.Cal. 2004)(noting that "any person with the right to reopen the case, including without limitation, any of the Trustees."); *In re Sweeney*, 275 B.R. 730, 734 (W.D.Pa. 2002); *Matter of Bric of America, Inc.*, 70 B.R. 737, 741 (M.D.Fla. 1987). Further, 11 U.S.C. § 350(b) states:

> [a] case may be reopened in the court in which such case was closed to administer assets, to accord relief to the debtor, or for other cause.

Upon receiving the opinion of the Court, Wilson correctly interpreted the holding and decided on his own initiative to petition the bankruptcy court to reopen the case, which the bankruptcy court did on March 28, 2006; well within the sixty (60) day period mandated by the Court to the Plaintiff in its February 9, 2006 opinion. After the bankruptcy court reopened the case, there was no reason for the Plaintiff to petition the bankruptcy court to reopen the case. Though not followed explicitly, the purpose behind the opinion of the Court, which was to determine the rights to of trademark claim against Hasbro, was met based upon the actions of the trustee and the bankruptcy court to reopen the case. For the Plaintiff to petition the bankruptcy court to reopen the case after the fact would have been a moot point. Accordingly, the Plaintiff's claim shall not be dismissed for failure to file a petition with the bankruptcy court within sixty (60)

3

days of the Court's February 9, 2006 opinion.

Though the Defendants wanted notice of the motion by the trustee to reopen the bankruptcy case because they wished to oppose the reopening of the case, the Defendants are neither a debtor or creditor in the bankruptcy matter, and therefore were not entitled to such notice. Courts have held that parties in similar positions as the Defendants are not entitled to notice regarding the reopening of a bankruptcy case. *In re Thomas*, 204 F.2d 788, 792 (7th Cir. 1953); *In re Menk*, 241 B.R. 896, 914 (9th Cir. 1999); *In re Canal Street Ltd. Partnership*, 269 B.R. 375, 380-381 (8th Cir. 2001). Motions to reopen bankruptcy proceedings are not adversarial in nature, and when deciding whether to reopen a case bankruptcy courts generally only decide whether there are assets left to be administered by the trustee, not any other merits of the case. *In re Thomas* at 792. Accordingly, the Defendants did not have a right of notice of the motion by the trustee to reopen the bankruptcy case of Indigo Moon. In any event, the Defendants could raise this issue with the bankruptcy court to determine whether or not the reopening should be set aside.

## CONCLUSION

For the foregoing reasons, the Defendants' Motion to Dismiss is **DENIED**.

An appropriate order shall issue.